UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LUIS LUNA-VASQUEZ,<br><br>                Petitioner,<br><br>    v.<br><br>NATHALIE ASHER,<br><br>                Respondent. | NO. C12-726-JLR-JPD<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

Luis Luna-Vasquez ("petitioner") has filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention and seeking either supervised release or a bond hearing. (Dkt. No. 7.)  Petitioner is presently detained pending completion of his removal proceedings.  Respondent has filed a return and motion to dismiss, arguing that petitioner was afforded a bond hearing before an Immigration Judge, who ordered that petitioner remain detained without bond.  Respondent asserts that the petition is, therefore, moot and should be dismissed.  Alternatively, respondent contends that the Immigration Judge's bond determination is not subject to judicial review, and that this action should be dismissed for lack of subject matter jurisdiction.  (Dkt. No. 12.)

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who entered the United States without inspection at an unknown place on an unknown date. (Administrative Record ("AR") at R61-62, L68-70.) On November 18, 2011, he pled guilty to driving under the influence and was sentenced to two days incarceration and two years enhanced probation. (AR R9-10.)

On November 22, 2011, the United States Immigration and Customs Enforcement ("ICE") issued a Warrant for Arrest of Alien and a Notice to Appear, charging petitioner as subject to removal for being present in the United States without being admitted or paroled. (AR L3, L10-11.) ICE issued a preliminary custody decision holding petitioner at no bond. (AR L2, R35.) Petitioner requested and received a bond redetermination hearing before an Immigration Judge, who ordered bond to remain at no bond. (AR L74, L94-97.) In a written memorandum, the Immigration Judge stated,

> Based on the evidence of record, the Court finds that the [petitioner] represents a danger to the community. He admitted that he was convicted of DUI and received enhanced bench probation. The probable cause affidavit reflects that the [petitioner] had nearly two times the legal limit of alcohol in his system when arrested for DUI.
>
> The Court is mindful of the [petitioner's] family ties and potential relief from removal. However, his date of arrival may be an issue for qualifying for future relief from removal. The [petitioner's] high blood alcohol content and punishment by the criminal court for enhanced probation demonstrates that he represents a danger to the community.

(AR 94-97.) Petitioner appealed the Immigration Judge's bond decision to the Board of Immigration Appeals ("BIA"). (AR L75-77.) Although there is no decision in the

REPORT AND RECOMMENDATION - 2

administrative record, respondent asserts that the BIA dismissed his appeal on March 27, 2012. (Dkt. No. 12 at 2.) Petitioner remains detained pending completion of his removal proceedings.

Petitioner filed the instant habeas petition on or about April 25, 2012, challenging the lawfulness of his detention since November 22, 2011.  (Dkt. Nos. 1 and 7.)  On June 21, 2012, respondent filed a return and motion to dismiss.  (Dkt. No. 12.)  Petitioner did not file a response.

### III.  DISCUSSION

Title 8 U.S.C. § 1226(a) provides the framework for the arrest, detention, and release of aliens in removal proceedings.  That provision provides the Attorney General with discretionary authority to release an alien on bond or conditional parole pending the completion of removal proceedings.  *See* 8 U.S.C. § 1226(a).  Section 1226(a) provides, in part, as follows:

> On a Warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States.  Except as provided in subsection (c) of this section and pending such decision, the Attorney General –
>     (1) may continue to detain the arrested alien; and
>     (2) may release the alien on –
>         (A) bond of at least $1,500 with security approved by, and containing conditions prescribed by, the Attorney General; or
>         (B) conditional parole . . .

8 U.S.C. § 1226(a).

In a bond hearing, the burden is on the detainee to show to the satisfaction of the immigration judge that he warrants release on bond.  *See Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006).  In making a bond decision, "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk."  *Matter of Guerra*, 24 I&N Dec. at 40 (citing *Matter of Patel*, 15 I&N Dec. 666 (BIA 1976)).  The factors commonly

considered in making a bond decision include: "(1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee persecution or otherwise escape authorities, and (9) the alien's manner of entry to the United States." *Matter of Guerra*, 24 I&N Dec. at 40.

In the present case, the administrative record shows that petitioner received a bond redetermination hearing on December 22, 2011, before an Immigration Judge who ordered that petitioner's bond remain at no bond. (AR L74.) Petitioner appealed the Immigration Judge's bond decision to the BIA. Thus, petitioner has received all of the benefits of due process to which he is entitled. *See Prieto-Romero v. Clark*, 534 F.3d 1053, 1066 (9th Cir. 2008).

Furthermore, the Court is without jurisdiction to review the Immigration Judge's discretionary bond determination under Section 1226(e). That Section provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e). An "alien may appeal the IJ's bond decision to the BIA, *see* 8 C.F.R. § 236.1(d), but discretionary decisions granting or denying bond are not subject to judicial review, see § 1226(e)." *Prieto-Romero*, 534 F.3d at 1058. Although the Court retains jurisdiction to review discretionary decisions where the detention violates due process or exceeds statutory authority, petitioner's case presents nothing more than a challenge to the

Immigration Judge's discretionary judgment and does not license this Court to review the Immigration Judge's decision to deny bond. As the petitioner fails to articulate any constitutional or statutory claim with regards to the Immigration Judge's bond determination, the Court agrees with respondent that this claim should be dismissed for lack of subject matter jurisdiction.

## IV.  CONCLUSION

For the foregoing reasons, the Court recommends that petitioner's habeas petition be DENIED, respondent's motion to dismiss be GRANTED, and this matter be DISMISSED with prejudice. A proposed order accompanies this Report and Recommendation.

DATED this 24th day of August, 2012.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge